**Randy JOHNSON, Plaintiff–Appellant,**

v.

**TRANSMISSION SERVICES, INC., dba Northstar Industries; Don Sparks; Jane Doe Sparks, husband and wife, and the marital community composed thereof, Defendants–Appellees.**

No. 00–35045.

D.C. No. CV–98–05526–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2001.

Decided July 13, 2001.

Before B. FLETCHER, BRUNETTI and FISHER, Circuit Judges.

### MEMORANDUM [*]

Appellant, Randy Johnson, worked for Appellees Don Sparks and Transmission Services, dba Northstar Industries (collectively referred to as "Transmission Services"). He claimed he was not paid overtime, in violation of Washington law and the federal Fair Labor Standards Act (FLSA). The district court dismissed his federal claims, and a jury found against him on his Washington claims.

### I.  DISMISSAL OF JOHNSON'S FLSA CLAIMS.

Johnson argues the district court erroneously dismissed his FLSA claims. Before Johnson had finished presenting his case, Transmission Services moved to dismiss his FLSA claims. It argued that Johnson had failed to establish that it was within the scope of the FLSA. Under the FLSA, Johnson first had to establish that he or Transmission Services was subject to the Act. *See* 29 U.S.C. §§ 203 and 206 (to be subject to the Act, corporation or employee must be "engaged in commerce," and corporation must have an annual gross income of at least $500,000). On day one of the trial, while Johnson was putting forth his case, the court cautioned that, "at this point there is no proof of interstate commerce, there is no proof of amount of sales or income to the business."

Despite the district court's repeated guidance, Johnson never presented evidence establishing that he or his employer were subject to the FLSA. After the close of his case, then, the court granted Transmission Services' motion to dismiss the FLSA claims. After reviewing the record, we believe the court's dismissal of Johnson's FLSA claims was correct, because he introduced no evidence whatsoever establishing that he or his employer were subject to the Act.

### II.  JOHNSON'S REQUESTED JURY INSTRUCTIONS.

Johnson also contends that the district court erred by not using four of his requested jury instructions. Johnson does not allege the district court misstated the law in any of the instructions it ultimately gave, or that it misstated the law or misled the jury in any way by not giving his proposed instructions. We review a district court's formulation of civil jury instructions for an abuse of discretion. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001). "[T]he instructions are to be considered as a whole and an abuse of discretion standard is applied to determine if they are misleading or inadequate." *Id.*

After reviewing the record, including all of Johnson's proposed instructions and the instructions finally settled on by the court, we believe the district court acted well within its discretion by not using the four instructions at issue. One incorrectly stated Washington law, *see Rowe v. Vaagen Bros. Lumber, Inc.*, 100 Wash.App. 268, 996 P.2d 1103 (2000) (noting that whether an employee handbook creates an implied employment contract is a mixed question of law and fact); and all four dealt with a tangential issue of questionable relevance.

AFFIRMED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.